Ronald Abramson (RA-0979)
Amera Z. Chowhan (AC-5117)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York  10004
(212) 837-6000

Attorneys for Plaintiff Ingalls & Snyder, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INGALLS & SNYDER, LLC,

                    Plaintiff,

-against-

B2BITS, LTD.,

                    Defendant.

---

JUDGE KEENAN

06 CV 6395

**COMPLAINT**



RECEIVED AUG 23 2006 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff Ingalls & Snyder, LLC ("I&S"), for its complaint against Defendant B2BITS, Ltd. ("B2B"), alleges as follows:

### PARTIES

1.    Plaintiff I&S is a limited liability company organized and operating under the laws of the State of New York, with its principal place of business in New York.  I&S is a brokerage house and is engaged in the business of buying and selling securities for clients and of investment management principally for individual retail clients and on a proprietary basis.

2.    Upon information and belief, Defendant B2B is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business in London, England.  Upon information and belief, B2B is a software development company.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of this action is based on 28 U.S.C. § 1332(a), in that the action is between citizens of a state and a citizen of a foreign state, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper in this District under 28 U.S.C. § 1391, because the events that are the subject of this suit occurred in this District.

## FACTUAL ALLEGATIONS

5. On or about September 1, 2003, the parties entered into a software development agreement under which B2B agreed to write a software program for the order management system for fixed income securities, a program known as "Pink" ("Pink Agreement"). The Pink Agreement provides that the I&S would pay $240,000 for the development of the product.

6. On or about July 21, 2004, the parties entered into a software development agreement under which B2B agreed to write a software program for the order management of equity securities, a program known as "Blue" ("Blue Agreement"). The Blue Agreement provides that the I&S would pay $350,000 for the development of the product.

7. Under both the Blue Agreement and the Pink Agreement, I&S was to own all proprietary rights in the respective software products, including all intellectual property rights.

8. The Blue and Pink programs were implemented by B2B in a manner such that they require use of additional software known as the "Fix Engine," which B2B alleges it owns. Without use of the Fix Engine, the programs will not operate in a useful manner.

9. As part of the Pink Agreement and the Blue Agreement, B2B was to provide I&S with perpetual licenses to the Fix Engine for use in the Blue and Pink programs.

10. B2B intially provided I&S with license "keys" to the Fix Engine that would expire after over 500 days, after which the Fix Engine software would be unusable.

11. I&S has fully performed its obligations under both the Pink Agreement and Blue Agreement, and has paid all amounts due on both contracts.

12. I&S has installed the Blue and Pink programs into its systems used to conduct its everyday business.

13. In or around July 2006, B2B made unauthorized and illegal remote entry into I&S's computer systems and, during the course of said unauthorized entry, altered the license keys for the Fix Engine so as to shorten their duration and make them expire after only a few weeks.

14. After making said unauthorized intrusion and alteration, B2B thereupon threatened I&S with the imminent cutoff of the use of the Pink and Blue Software that I&S had purchased and was using to conduct its business, attempting to use the impending cutoff that B2B had unlawfully brought about as leverage to extort additional monies from I&S.

15. The inability to use the Pink and Blue systems will damage I&S irreparably and in an amount greatly in excess of $75,000.

**CLAIM FOR INJUNCTIVE RELIEF**

16. I&S repeats and realleges the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

NY 1082487_1.DOC

17. B2B has agreed to license I&S to use the Fix Engine in connection with the Blue and Pink products, and the ability to make the ordinary intended use of said products is dependent on having a license to the Fix Engine.

18. B2B has failed to provide I&S with required permanent Fix Engine licenses and has illegally broken into I&S's systems to tamper with the Fix Engine license keys so as to render the Fix Engine nonfunctional.

19. I&S is entitled to an injunction requiring B2B to provide the necessary perpetual license keys for the Fix Engine and forbidding B2B from interfering with I&S's right to use and operate the Blue and Pink products, including the Fix Engine software.

20. On information and belief, B2B has no substantial assets; its principals consist of computer programmers in the Ukraine; and B2B is essentially judgment-proof. I&S has no adequate remedy at law. Injunctive relief is necessary in order to prevent I&S from suffering immediate, substantial and incurable loss.

**DEMAND FOR RELIEF**

WHEREFORE, I&S requests the following relief:

(a) Temporary, preliminary and permanent injunctive relief ordering B2B to specifically perform its obligations under the License Agreement and to provide I&S with perpetual license keys to the Fix Engine necessary for the operation of the Blue and Pink Programs;

(b) Temporary, preliminary and permanent injunctive relief enjoining B2B its officers, agents, servants, employees and attorneys, and those persons in active concert and participation with them who receive actual notice of the Court's order by personal service or

otherwise, from interfering with I&S's right to use and operate the Blue and Pink software, including the Fix Engine software; and

   (c)  Such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
      August 22, 2006

               HUGHES HUBBARD & REED LLP

               By: _____
                 Ronald Abramson (RA-0979)
                 Amera Z. Chowhan (AC-7117)

               One Battery Park Plaza
               New York, NY 10004
               (212) 837-6000

               Attorneys for Plaintiff Ingalls & Snyder, LLC